UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

| | |
|---|---|
| Khusen Tulabaev | ) |
| Plaintiff, | ) Civil Action No. |
| | ) |
| v. | ) Judge: |
| | ) |
| Daimler Truck North America, LLC | ) Complaint |
| | ) |
| Defendant. | ) Jury Trial Demanded |

## COMPLAINT

Comes now Plaintiff, Khusen Tulabaev, by counsel, and for his causes of action against Defendant Daimler Truck North America, LLC.

### PARTIES

1. At all times relevant hereto, the Plaintiff Khusen Tulabaev was a resident of Maineville, Ohio. On April 5th, 2021, the Plaintiff was driving a truck which was manufactured and/or placed into the stream of commerce by the Defendant Daimler Truck North America, LLC.

2. At all times relevant hereto, the Defendant Daimler Truck North America, LLC, was a corporation operating out of Portland, Oregon.

3. The incident which forms the basis of this litigation occurred on April 5th, 2021, in Carroll County, Kentucky.

4. Plaintiff's first became aware of the defect that caused this accident on September 2, 2021, when he received a notice of a recall on all Cascadia Trucks built at the Saltillo

Manufacturing Plant within the production range between April 1st, 2018, and July 14th, 2020.

## JURISDICTION AND VENUE

5. Defendant, Daimler Truck North America, LLC directly or by its agents, servants or employees, transacts business in this Commonwealth, contracts to supply services or goods in this Commonwealth. It caused tortious injury by an act or omission in this Commonwealth, and/or caused tortious injury in this Commonwealth by an act or omission outside this Commonwealth while regularly doing or soliciting business, or engaging in any other persistent course of conduct, or deriving substantial revenue from goods used or consumed or services rendered in this Commonwealth.

6. The tortious injury occurring in this Commonwealth arose out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within this Commonwealth, or, caused injury in this Commonwealth by breach of express or implied warranty made in the sale of goods outside this Commonwealth when the seller knew such person would use, consume or be affected by the goods in this Commonwealth while also regularly doing or soliciting business or engaging in any other persistent course of conduct or deriving substantial revenue from goods used or consumed or services rendered in this Commonwealth, and otherwise have minimal contacts with the Commonwealth of Kentucky and are thus subject to jurisdiction of this Court.

7. Subject matter of this action arises under 28 U.S.C. § 1332. The parties are citizens of different states, and the amount in controversy between the parties exceeds the sum of $75,000.00, exclusive of interest and costs.

8. This Court has personal jurisdiction over the Defendants because the Defendants

transact business, and the wrongs complained of herein arose, in the Eastern District of Kentucky.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, inter alia, a substantial part of the events giving rise to Plaintiff's claim occurred in Eastern District of Kentucky, and because the Defendant transacts business in this district.

## FACTUAL BACKGROUND OF THE ALLEGATIONS

10. On October 6th, 2020, Plaintiff purchased a "Cascadia" truck, manufactured by the Defendant between the dates of April 1st, 2018, and July 14th, 2020, at the Saltillo Manufacturing Plant.

11. On April 5th, 2021, Plaintiff was driving said Cascadia truck, when the truck began to pull left, and the steering wheel began to shake. After the Plaintiff initially corrected the unwanted turn to the left, he felt a significant vibration, and the vehicles' steering completely went out, eliminating the Plaintiff's control over his vehicle. This caused the vehicle to break through the highway cable barrier, cross the median as well as multiple lanes of oncoming traffic, and eventually drive off the side of the road and collide with an earth embankment where it finally came to a stop.

12. The Plaintiff suffered a laceration to the upper right side of his face and multiple fractures in his right leg. He was taken to University Hospital in Cincinnati via helicopter for treatment.

13. On September 2nd, 2021, a notice of a recall on all Cascadia Trucks built at the Saltillo Manufacturing Plant within the production range between April 1st, 2018, and July 14th, 2020, was received by the Plaintiff.

## COUNT I. STRICT PRODUCTS LIABILITY

14. Plaintiff Khusen Tulabaev reaffirms, reiterates, and incorporates by reference all prior allegations contained in this Complaint.

15. Defendant Daimler Truck North America, LLC is a corporation engaged in the manufacture, distribution, and/or sale of the motor vehicle in question.

16. At the time of the collision, the subject Cascadia Truck was being used for its intended and foreseeable purposes.

17. The purpose of a properly tightened drag link tapered joint on an automobile like the Cascadia is to convert rotary motion to the steering arm, giving the driver proper control over the automobile. A loose drag link tapered joint at the steering arm may result in separation of the joint leading to a complete loss of steering, which can lead to a crash

18. Upon belief, at the time of the collision, the subject Cascadia was equipped with a loose drag link tapered joint.

19. Upon belief, the Cascadia truck which the Plaintiff was driving on April 5th, 2021, due to its loose drag link tapered joint, created such a risk that an ordinarily prudent company engaged in the manufacture of that product, fully aware of the risk, would not have put the product on the market.

20. Upon belief, on April 5th, 2021, by reason of the improper manufacture of the vehicle in question by the Defendant, the Plaintiff was severely injured. Specifically, the failure to prevent the vehicle's steering from failing via a properly tightened drag link tapered joint caused the Plaintiff's collision and subsequent injuries.

21. Plaintiffs' strict product liability action against Daimler Trucks North America, LLC specifically includes a claim for personal injury to Khusen Tulabaev caused by or resulting

from the manufacture, construction, design, formulation, development of standards, preparation, processing, assembly, testing, listing, certifying, warning, instructing, marketing and/or advertising of the subject Cascadia Truck, as provided in Kentucky's Product Liability Act, KRS § 411-300, *et seq*.

22. Daimler Trucks North America, LLC failed to adequately warn users, including Khusen Tulabaev, that the drag link tapered joint was defective, inadequate, and subject to failure without warning.

23. In consequence thereof, the plaintiff has suffered physical and mental pain and suffering, incurred medical expenses, and has been unable to attend to his usual labor. Plaintiff's damages are in an amount in excess of the minimum dollar amount necessary to establish the jurisdiction of this court.

24. Wherefore the plaintiff demands judgment against the defendant for damages, costs and disbursements.

## COUNT II. NEGLIGENCE

25. Plaintiff incorporates all other allegations of the Complaint as if set forth fully herein.

26. At all relevant times, the Defendant knew or should have known that a substantial amount of the "Cascadia" trucks built at the Saltillo Manufacturing Plant within the production range between April 1st, 2018, and July 14th, 2020, were defective when used as directed and designed.

27. The Defendant failed to take adequate steps in a reasonable amount of time to advise the owner of the vehicle that it was potentially defective.

28. The negligent acts and omissions alleged were foreseeable and substantial contributing causes of the injuries suffered by the Plaintiff.

## COUNT III. BREACH OF WARRANTY

29. Plaintiff incorporates all other allegations of the Complaint as if set forth fully herein.

30. By intentionally promoting and knowingly selling the Cascadia truck for the obvious use of it being driven, the Defendant impliedly warranted to the Plaintiff that the truck was merchantable, proven safe and effective for use, properly labeled, and contained proper instructions for use.

31. This implied warranty extends to the Plaintiff as the ultimate user of the Cascadia truck.

32. The Defendant breached their implied warranty to the Plaintiff in that the Cascadia truck was unmerchantable, was not safe to drive, and was subject to failure.

33. As a direct and proximate result of the Defendant's breach of implied warranty, the Plaintiff suffered severe injuries to his head and right leg.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Khusen Tulabaev, demands:

1. Judgment against the Defendant, in an amount that will fairly and reasonably compensate the Plaintiff, for the harm suffered and damage caused by the negligence and wrongful acts of Defendant.

2. Trial by jury;

3. For Plaintiffs' costs herein expended;

4. Post judgment interest; and

5. Any and all other relief to which Plaintiffs may appear entitled.

Respectfully submitted,

HENDY JOHNSON VAUGHN EMERY, PSC

<u>BY:</u> /s/ *Ronald E. Johnson, Jr.*
RONALD E. JOHNSON, JR. Bar #88302
Email: rjohnson@justicestartshere.com
600 West Main Street, Suite 100
Louisville, KY 40202
Phone: (859) 578-4444
Fax: (859) 578-4440
*Attorney for Plaintiff*